IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Crim. A. No. 19-101-LPS |
| | : |
| AARON DAVIS, | : |
| | : |
| Defendant. | : |

## MEMORANDUM ORDER

1. On August 6, 2019, a grand jury indicted Defendant Aaron Davis on two counts of bank fraud, two counts of wire fraud, and one count of money laundering. (D.I. 3; *see also* D.I. 80 (amended indictment containing same charges)) The charges arise from alleged criminal conduct occurring in 2017. (*See* D.I. 3)

2. Davis was arrested and then had his initial appearance on November 13, 2019. He has been on pre-trial release, subject to conditions (e.g., travel limitations), since that date. (D.I. 6)

3. On May 18, 2020, the Court scheduled a jury trial for November 18, 2020. (D.I. 23) This followed several continuances, all requested by Defendant but none opposed by the Government, and the exclusion of time from the calculations required under the Speedy Trial Act, 18 U.S.C. § 3161. (*See* D.I. 10-13)

4. On September 4, 2020, the Court rescheduled the jury trial to begin two days sooner, on November 16, 2020, anticipating that jury selection could take longer than it would have in pre-pandemic conditions. (*See* D.I. 48 at 16-17)

1

5.  On November 16, the Court conducted the first stages of jury selection, including *voir dire* of approximately 50 potential jurors. (*See* Nov. 16, 2020 Tr.) ("Nov. Tr.") That same day, during the course of jury selection, the Chief Justice of the Delaware Supreme Court announced that, in view of the then-worsening conditions relating to the prevalence of coronavirus in the State of Delaware, the state courts would "transition back to Phase 2 of the Reopening Plan," under which no civil or criminal jury trials would be allowed. *See* Administrative Order No. 13, Delaware Supreme Court, Nov. 16, 2020. Consequently, Defendant, who is not detained, moved to continue trial, which the Government opposed. (*See* Nov. Tr. at 273-76) Over the Government's objection (*see, e.g., id.* at 276-78), the Court granted Defendant's requested continuance (*see id.* at 280-82).

6.  On December 2, 2020, the Court rescheduled trial to begin on July 7, 2021. (D.I. 83) After conferring with counsel, and due to a scheduling issue arising with the Court's calendar, on April 12, 2021 the Court rescheduled trial to begin on July 8. (D.I. 87)

7.  Because there had previously been a dispute over whether certain Government witnesses should be permitted to testify remotely – given the potential risks involved with travel during the pandemic – the Court required the parties to submit joint status reports every 30 days over the ensuing months. (*See* D.I. 83) The parties did so. (*See* D.I. 85, 86, 88) At no point did they identify any issues for the Court or present any concerns as to their ability to prepare for the July trial. Instead, they repeatedly advised the Court they had "nothing to report."

8.  Separate from the status reports, on May 4, 2021, Government counsel wrote a letter to the Court seeking "clarification regarding the trial schedule in this matter." (D.I. 89) As of that date, the Court was in Phase II of its Re-Opening Guidelines and was only conducting a

2

single jury trial at a time. (*See id.*) As the Government knew that at least two trials were scheduled to be conducted on July 8, the Government requested a teleconference "to address any scheduling conflicts." (*Id.*) Rather than hold such a conference, the Court docketed the following remark on May 10:

> Having reviewed the letter of May 4 (D.I. 89), the parties are advised that the Court intends to proceed with jury selection and trial as scheduled, beginning on July 8. It is anticipated that this will occur even if another criminal jury trial is proceeding simultaneously. Should these plans change, the Court will advise counsel.

In the next status report, submitted on June 7, the parties again stated they "have nothing to report to the Court." (D.I. 92)

9. Surprisingly, just four days later, on June 11, the Government filed a Motion to Continue Trial Date. (D.I. 93) Just four weeks prior to the long-scheduled trial, the Government advised the Court that the lead trial lawyer had recently given notice she would be leaving the United States Attorney's Office and "[a] new lead attorney will require additional time to become familiar with the investigation and facts of this case." (*Id.* at 1) The Government added that "Defendant Aaron Davis is not currently detained and suffers little, if any, prejudice from a delay of the trial." (*Id.*) Therefore, in the Government's view, it "serves the ends of justice for the Court to continue the trial date to allow the Government continuity of counsel and adequate time to effectively prepare." (*Id.*)

10. The Court held a teleconference with the parties on June 14. (*See* June 14, 2021 Tr. ("Tr.")) During the call, defense counsel stated that Davis opposes any continuance. (*See, e.g., id.* at 3, 11-12) The Government reiterated its request for a continuance, suggesting that

3

trial be continued to a date in "the early part of 2022." (*Id.* at 5) The Court expressed its skepticism regarding many of the Government's contentions. (*See, e.g., id.* at 3) The Court explained that it would certainly not delay trial until 2022 and advised the parties that it had an open trial slot on August 23, into which it would consider moving this trial. (*See id.* at 17-19) Ultimately, the Court denied the continuance request without prejudice to the Government having an opportunity to move the next day for a continuance to August 23. (*See id.* at 19)

11. On June 15, the Government filed a Renewed Motion to Continue Trial Date. (D.I. 97) On June 16, Defendant filed his opposition. (D.I. 98)

Having carefully considered the parties' positions and various arguments, the Court has decided to grant the motion and will continue trial to August 23.

Pursuant to the Speedy Trial Act, the Court, "at the request of the attorney for the Government," may grant a continuance, and exclude the period of delay resulting from such a continuance, "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The factors the Court "shall consider" include, but are not limited to, "[w]hether the failure to grant such a continuance . . . would unreasonably deny . . . the Government continuity of counsel, or would deny . . . the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).[1]

---

[1] The Government acknowledges, as it must, that "the public has . . . an interest in the speedy resolution of criminal cases." (D.I. 97 at 2; *see also Bloate v. United States*, 559 U.S. 196, 211 (2010) (stating Speedy Trial Act "serves not only to protect defendants, but also to vindicate the public interest in the swift administration of justice"))

As noted, the Government's continuance request is occasioned by the imminent departure of its lead counsel on this case. (D.I. 97 at 1) Lead counsel for the Government gave notice of her intent to leave the United States Attorney's Office on June 9; she will be leaving on July 2, just six days before the scheduled trial. (*See* Tr. at 10; D.I. 93 at 1) There is no indication in the record as to why lead counsel is departing, why her decision to leave was made when it was, why she is not remaining through trial, or what options the Government considered for dealing with the situation other than filing a last-minute request for a continuance.

Defendant opposes the Government's motion. (*See* D.I. 98) During the June 14 teleconference concerning the Government's original motion to continue the trial date (D.I. 93), which the Court denied without prejudice, defense counsel stated that Defendant opposes any continuance because he "wants to get this over with." (Tr. at 3) Defense counsel added that Defendant feels he lacks "mental freedom," notwithstanding that he has remained at liberty throughout the prosecution. (*Id.* at 12) At the time of the status conference, the Government was seeking an indefinite continuance and suggested moving the trial into 2022. (*See id.* at 5) Perhaps because the Government now seeks a continuance only until August 23 – that is, approximately six extra weeks – the reasons provided in opposition to the original motion are conspicuously missing from Defendant's response to the Government's renewed motion.

Greatly complicating what may seem like a straightforward decision is that neither side has made a strong showing. The Government *can* be ready for this trial three weeks from now,[2] notwithstanding its repeated protestations to the contrary. The Court is not persuaded that

---

[2] The Government acknowledges, as it must, that it "was prepared to begin trial in November 2020." (D.I. 97 at 2)

5

denying the requested continuance would unreasonably deny the Government continuity of counsel. Nor is the Court persuaded that denial of the motion would deprive Government counsel of the reasonable time necessary to effectively prepare for trial.

On the other hand, while Defendant – entirely understandably – wants to "get this over with," he has *not* shown that he will be prejudiced by a final delay of just six more weeks of a trial that has already been delayed (due to a combination of his own request and the unprecedented impact of the pandemic) by (depending on how one counts) at least six months. His opposition to the pending motion says nothing more than that the Court should not let last-minute substitutions of counsel dictate its trial calendar. (*See* D.I. 98)

In the end, then, the Court is left with a difficult balancing task. Under the totality of circumstances, and after much reflection, the Court finds that the ends of justice served by one last short continuance outweigh the best interest of the public and Defendant in a speedy trial. Thus, the Court will grant the Government's motion.

Accordingly, IT IS HEREBY ORDERED that:

1. The Government's renewed motion to continue the trial (D.I. 97) is GRANTED.

2. A jury trial in this matter will be held beginning on August 23, 2021.

3. The Court will hold a pretrial conference on August 4, 2021 at 10:00 a.m. Defendant is required to be present.

4. The parties shall meet and confer and, no later than June 21, submit a joint status report identifying any disputes they may have with respect to whether witnesses will testify live in-court or remotely. If there are disputes, they shall further propose in the status report a plan for briefing and resolving such disputes as soon as possible.

June 17, 2021
Wilmington, Delaware

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT