IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| v. | : | Cr. A. No. 19-101-LPS |
| AARON DAVIS, | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

1. On September 10, 2020, in connection with a jury trial that was then scheduled to begin on November 16, 2020, the government filed a motion pursuant to Federal Rule of Criminal Procedure 15, seeking to depose four witnesses (D.S., J.A., R.S., and a witness representing entity H.B.) or, in the alternative, to permit these witnesses to testify live during trial via remote videoconferencing technology. (D.I. 32) The government subsequently modified its motion, adding three unnamed witnesses, whom it identified as "representative[s] of Company A," and seeking only remote testimony during trial (not Rule 15 depositions) of all seven witnesses. (*See* D.I. 44 at 18; D.I. 49 at 3-4)

2. On October 22, 2020, the Court granted the government's modified motion, finding that (1) "the testimony of each proposed witness is material to the government's case-in-chief;" (2) "each of the seven witnesses is not available to travel to Delaware to testify at trial;" and (3) "Defendant has not identified significant countervailing factors that render the accommodation sought by the government unjust." (D.I. 51 at 5, 6, 10)

3. Due to then-ongoing impact of the coronavirus pandemic, the jury trial was continued and is now scheduled to begin on August 23, 2021. (*See* D.I. 81, 99)

4. On June 28, 2021, the government filed a motion pursuant to Rule 15 seeking to take depositions or, in the alternative, to present remote live testimony of "a representative of

1

company A ('L.H.') and R.S." during trial. (D.I. 102) The government submits that "both L.H. and R.S. are unable to travel due to their underlying health conditions."[1] (*Id.* at 2)

5. On July 2, 2021, Defendant filed a response to the government's motion, objecting to remote testimony during trial only as to R.S., but not L.H. (D.I. 104) The sole reason Defendant identifies for his objection relating to R.S. is "no doctor's note has been produced establishing [R.S.'] inability to travel and appear in the courtroom for the August trial." (*Id.* ¶ 4)

6. On July 9, 2021, the government filed a reply to Defendant's opposition. (D.I. 105) The government confirms that it "is continuing its efforts to secure a note from R.S.'s physician and will provide it to the Court and to defense counsel as soon as possible." (*Id.* at 2)

Accordingly, IT IS HEREBY ORDERED that:

1. The government's unopposed request to permit witness L.H. to testify remotely during trial is GRANTED.

2. The government's request to permit witness R.S. to testify remotely during trial is GRANTED provided that the government produces a physician's note confirming that R.S. is unable to travel due to a health condition.

Dated: July 14, 2021  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE

---

[1] According to the government, "L.H. lives in California and suffers from severe spinal stenosis, which renders her physically unable to sit in an upright position for more than a few minutes at a time." (D.I. 102 at 2-3) "R.S., who is 66 years old, lives in Indiana and is unable to travel because he has a heart condition that precludes him from flying on an airplane." (*Id.* at 3)